UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | | |
|---|---|---|
| JOHNNY RAY ORTEGA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 5:23-cv-00288-GFVT-MAS |
| v. | ) | |
| | ) | |
| JESSICA ADKINS, | ) | **ORDER** |
| | ) | |
| Defendant. | ) | |

\*\*\*  \*\*\*  \*\*\*  \*\*\*

This matter is before the Court on a Report & Recommendation filed by United States Magistrate Judge Matthew A. Stinnett. [R. 18.] The Plaintiff, Johnny Ray Ortega, filed a *pro se* complaint under 42 U.S.C. § 1983 alleging that the Defendant violated his civil rights. [R. 1.] Defendant Adkins filed a Motion for Summary Judgment, arguing that there is no genuine issue of material fact and that she is entitled to judgment as a matter of law. [R. 17.] Judge Stinnett then prepared a Report & Recommendation. [R. 97.]

After considering the record, Judge Stinnett determined that the Motion for Summary Judgment should be denied without prejudice. *Id.* Mr. Ortega alleges that Defendant Adkins violated the Fourteenth Amendment by not supplying him with medication following his extradition from another detention facility. [R. 1.] Despite Ortega's failure to respond to the Defendant's Motion for Summary Judgment, Judge Stinnett found a genuine dispute of material facts remained. Specifically, Judge Stinnett found that Adkins, as the moving party, did not meet her burden. Her "sole contention is that Ortega 'without experts, has no proof' regarding whether Adkins breached some standard in rendering medical care." [R. 17-1 at 57.] However,

she fails to cite any binding precedent holding that expert testimony is required for a deliberate indifference claim under § 1983. Moreover, there is Sixth Circuit precedent which seems to imply the opposite. *See Blackmore v. Kalamazoo Cnty.*, 390 F.3d 890, 897 (6th Cir. 2004) (noting that a plaintiff can demonstrate an "objectively serious medical need" when a condition is "so obvious that even a lay person would easily recognize the necessity for a doctor's attention"). Judge Stinnett found that accepting Adkins's argument that expert testimony is required as true "would require a finding that Ortega's medical condition was either not obvious or not serious—issues that are plainly in dispute based on the current record." [R. 18 at 7.]

Neither party filed objections to the Report and Recommendation. Generally, this Court must make a *de novo* determination of those portions of a recommended disposition to which objections are made. 28 U.S.C. § 636(b)(1)(c). When no objections are made, however, this Court is not required to "review . . . a magistrate's factual or legal conclusions, under a de novo or any other standard . . . ." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Parties who fail to object to a Magistrate's Report and Recommendation are also barred from appealing a district court's order adopting that Report and Recommendation. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Nevertheless, this Court has considered the record and it agrees with the Magistrate Judge's recommendation. Accordingly, and the Court being sufficiently advised, it is hereby **ORDERED** as follows:

1. Magistrate Judge Matthew A. Stinnett's Report and Recommendation **[R. 18]** is **ADOPTED** as and for the Opinion of the Court;

2. Defendant Jessica Adkins's Motion for Summary Judgment **[R. 17]** is **DENIED WITHOUT PREJUDICE**.

2

This the 8th day of January 2025.

Gregory F. Van Tatenhove
United States District Judge