UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | |
|---|---|
| **JOHNNY RAY ORTEGA,** | ) |
| | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | )  NO. 5:23-CV-00288-GFVT-MAS |
| | ) |
| **JESSICA ADKINS,** | ) |
| | ) |
| | ) |
| **Defendant.** | ) |
| | ) |

**REPORT AND RECOMMENDATION**

This matter is before the Court on Defendant Jessica Adkins's Motion for Summary Judgment [DE 22] and her Motion to Compel [DE 20]. Plaintiff Johnny Ray Ortega, proceeding *pro se*, did not formally respond to Adkins' motion, although he did file a letter indicating his desire to dismiss the lawsuit. [DE 24]. For the reasons stated herein, the Court recommends that Adkins' motion be granted and the motion to compel be denied as moot.

## I. BACKGROUND

The Court previously detailed the background of this litigation in a prior opinion. [DE 18]. In short, Ortega filed § 1983 lawsuit against Jessica Adkins, Director of Nursing at Fayette County Detention Center ("FCDC"), alleging she had refused to provide him with his prescribed medication. [DE 1, PageID# 2].

More specifically, Ortega was prescribed suboxone to assist with his substance use disorder, a prescription he has had since 2018. [DE 1, PageID# 2–3].

According to the Complaint, Ortega has a substance use disorder and historically has been dependent on heroin and prescription medication. [DE 1, PageID# 3]. He has been prescribed suboxone since 2018, at one point by a provider in at Richard J. Donovan Correctional Facility ("RJD") in San Diego, California. [DE 1, PageID# 2]. On March 13, 2023, Ortega was arrested in Utah and subsequently detoxed while in custody; this is the first time he asked officials about his medication. [DE 1, PageID# 2].

On April 28, 2023, after being arrested in Utah, Ortega was extradited from Utah to Kentucky to face pending state charges. He claims his medical file did not follow him, but he inquired about obtaining suboxone upon his arrival at FCDC. He signed a medical release on three different occasions, and Adkins advised Ortega that she faxed the forms to Richard J. Donovan Correctional Facility ("RJD") where Ortega had received the prescription and was awaiting a response. [DE 1, PageID# 2–3]. As a result of being off his suboxone, Ortega complains that he has struggled with cravings and fears he will relapse.

Ortega submitted a grievance on July 12, 2023. [DE 1-1, PageID# 10 (Grievance Report)]. Adkins addressed the grievance, noting an outcome of "unfounded" and that FCDC was still waiting for medical records from another facility. Ortega appealed the outcome of his grievance. Hector Joyner addressed his appeal, noting that Ortega was "screened at Intake and [] never stated to medical

staff that [he was] on [any] medication", that he completed a sick call slip on May 26, 2023 and "never stated [he was] on any medication", and that FCDC was still waiting on a response from the California Department of Corrections. [DE1-1, PageID# 10].

## II.    ANALYSIS

Adkins has filed a motion for summary judgment arguing (1) Ortega lacks any evidence that Adkins acted with deliberate indifference and (2) Ortega has not provided any expert proof that his alleged injuries were caused by Adkins's conduct. [DE 22-1].

Ortega did not respond. However, Ortega recently filed a letter explaining he is "now receiving [his] medication", and he did not "not know if it [made] sense to continue with the suit." [DE 24]. "I'm sorry for the time and effort. I don't wish Jessica Adkins to get into trouble." [DE 24]. The Court takes his letter to mean that Ortega is no longer interested in pursuing his lawsuit.

Pursuant to Federal Rule of Civil Procedure 56(a), summary judgment is appropriate if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In determining whether a genuine dispute exists, the Court considers all facts and draws all inferences in the light most favorable to the non-moving party. *See Matsushita Elec. Indust. Co., Ltd. v. Zenith Radio Corp.*, 106 S. Ct. 1348, 1356 (1986); *Lindsay v. Yates*, 578 F.3d 407, 414 (6th Cir. 2009). Further, the court may not "weigh evidence [or] determine the truth of the matter[.]" *Anderson v. Liberty Lobby, Inc.*, 106 S. Ct. 2505, 2511 (1986). The moving party bears the initial burden of showing the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 106 S. Ct. 2548, 2553

(1986). If the moving party satisfies its burden, the burden then shifts to the non-moving party to produce "specific facts" showing a "genuine issue" for trial. *See id.*

Per Rule 56(e)(3), if a nonmoving party fails to respond to the moving party's motions for summary judgment, the Court may "grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it." Further, "the Court may accept the truth of [the movant's] factual allegations, and determine whether [the movant is] entitled to summary judgment" on the basis of those accepted facts. *See Sheils v. Jordan*, 841 F. Supp. 2d 727, 729 (S.D.N.Y. 2012). Here, Ortega has declined to refute Adkins's factual allegations and conclusions of law, and "[i]t is within this Court's power to grant the [Adkins's] motion on that ground alone." *Byrd v. Brandeburg*, 922 F. Supp. 60, 62 (N.D. Ohio 1996) (citing *Kennedy v. City of Detroit*, 1994 WL 198159 (6th Cir. 1994)).[1]

The undersigned, however, also finds that an examination of the pleadings and Adkins's motions demonstrate that she is entitled to summary judgment on the merits. The gravamen of Ortega's complaint is violation of the Eighth Amendment. "A prison official's 'deliberate indifference' to a substantial risk of serious harm to an inmate violates the Eighth Amendment." *Farmer v. Brennan*, 511 U.S. 825, 828, 114

---

[1] The fact that a plaintiff is *pro se* does not lessen his or her obligations under Rule 56. "The liberal treatment of *pro se* pleadings does not require the lenient treatment of substantive law, and the liberal standards that apply at the pleading stage do not apply after a case has progressed to the summary judgment stage." *Johnson v. Stewart*, No. 08-1521, 2010 WL 8738105, at *3 (6th Cir. May 5, 2010) (citations omitted).

S.Ct. 1970, 128 L.Ed.2d 811 (1994). A prisoner must demonstrate that the defendant acted, or failed to act, with "deliberate indifference to serious medical needs." *Id.* at 835 (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) ); *Terrance v. Northville Reg'l Psychiatric Hosp.*, 286 F.3d 834 (6th Cir. 2002). A prison official must "know of and disregard an excessive risk to inmate health or safety; the official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id*. at 837–38.

Simply put, there is no evidence that Adkins acted with deliberate indifference or that Ortega was suffering from a serious medical condition. On deliberate indifference, Adkins's conduct must go beyond mere negligence and "demonstrate deliberateness tantamount to intent to punish." *Horn by Parks v. Madison County Fiscal Court*, 22 F3d 653, 660 (6th Cir. 1994). Per Ortega's own complaint, Adkins took measures to obtain the prescription information for Ortega from RJD, but RJD had yet to respond. [DE 1, Page ID# 2–3]. Such conduct is far from resembling the legal requirements of deliberate indifference. On serious medical condition, it is well established that prisoners are not entitled to "unqualified access to health care." *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). Where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments. *Westlake v. Lucas*, 537 F.2d 857, 860 n. 5 (6th Cir. 1976). Again, by Ortega's own admission, Adkins had addressed Ortega's medical concerns and sought Ortega's medical records. [DE 1,

Page ID# 2–3]. It simply took time to work through the paperwork as now evidenced by Ortega's letter indicating he received his prescribed medication. [DE 24].

Ortega's Complaint, coupled with the allegations in Adkins's Motion for Summary Judgment, does not provide sufficient basis for legal relief. The undersigned recommends the dismissal of his claims.

### III. CONCLUSION

Having fully considered the matter, and the Court being otherwise sufficiently advised, **IT IS RECOMMENDED** that Adkins' Motion for Summary Judgment [DE 22] is **GRANTED**.

**IT IS FURTHER ORDERED** that Adkins's Motion to Compel [DE 20] is **DENIED AS MOOT**. Adkins may refile the Motion to Compel if this Report and Recommendation is not adopted.

The Court issues this Recommended Disposition under Federal Rule of Civil Procedure 72(b)(1) and 28 U.S.C. § 636(b)(1)(B). Within fourteen days (14) after being served with a copy of this decision, any party may serve and file specific written objections to any or all findings or recommendations for determination, *de novo*, by the District Court. Failure to make timely objections consistent with the statute and rule may, and normally will, result in waiver of further appeal to or review by the

District Court and Court of Appeals. *See United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981); *Thomas v. Arn,* 106 S. Ct. 466, 468 (1985).

Signed this the 14th of March, 2025.

MATTHEW A. STINNETT
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF KENTUCKY